1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   AMANDO VILLARREAL HEREDIA,          **1:17-cv-00717-MJS (PC)**

12              Plaintiff,

13        v.                             **ORDER TRANSFERRING CASE TO THE**
                                         **SOUTHERN  DISTRICT OF CALIFORNIA**
14   WARDEN LAWRENCE, et al,

15              Defendants.

16

17        Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to

18   Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).

19        The federal venue statute requires that a civil action, other than one based on

20   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant

21   resides, if all defendants reside in the same state, (2) a judicial district in which a

22   substantial part of the events or omissions giving rise to the claim occurred, or a

23   substantial part of the property that is the subject of the action is situated, or (3) a judicial

24   district in which any defendant may be found, if there is no district in which the action

25   may otherwise be brought." 28 U.S.C. § 1391(b).

26        In this case, none of the defendants reside in this district.  The claim arose in San

27   Diego County, which is in the Southern District of California.  Therefore, plaintiff's claim

28
                                         1

should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:   August 2, 2017          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE